**No. 57096.**—Joseph Abrams dba The Joseph Abrams Co. et al. *v.* United States, protests 10153–K, etc. (San Francisco).

Opinion by EKWALL, J.  For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 57097.**—Wm. Filene's Sons Co. *v.* United States, protest 163445–K (Boston).

Opinion by EKWALL, J.  It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732.  In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 57098.**—Walker Services and Walker Services & Co. *v.* United States, protests 195664–K and 197859–K (Boston).

Opinion by EKWALL, J.  In accordance with stipulation of counsel that the merchandise consists of unconcentrated lime juice similar in all material respects to that the subject of *Walker Services* v. *United States* (28 Cust. Ct. 109, C. D. 1395), the claim of the plaintiffs was sustained.

**No. 57099.**—Fiorelli Food Products et al. *v.* United States, protests 164456–K, etc. (New York).

Opinion by EKWALL, J.  In accordance with stipulation of counsel that the merchandise consists of peppers, pickled with vinegar, similar in all material respects to those the subject of *E. J. Petrosemolo Co., Inc.* and *Barian Shipping Co., Inc.* v. *United States* (29 Cust. Ct. 159, C. D. 1461), the claim of the plaintiffs was sustained.

**No. 57100.**—Northrup King & Co. and American Express Co. et al. *v.* United States, protests 186174–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport, Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiffs was sustained.

**No. 57101.**—F. Lagomarsino & Sons and Frank P. Dow Co., Inc., et al. *v.* United States, protests 190368–K, etc. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport, Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiffs was sustained.

**No. 57102.**—Vicente Larrauri *v.* United States, protest 188258–K (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's action, the protest was overruled.

**No. 57103.**—Arthur Minich *v.* United States, protest 192476–K (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's action, the protest was overruled.

**No. 57104.**—International Expediters, Inc. *v.* United States, protest 187364–K (New York).

Opinion by JOHNSON, J. At the trial an additional collector's memorandum was received in evidence. In the memorandum the collector conceded that since the transmittal of the protest to the court, the importer had supplied him with the record of outward manifest, which proved to be correct, and that had said information been in his possession at the time of the review of the protest, the drums would have been entitled to free entry under paragraph 1615, *supra*. In view of the collector's concession and following Abstracts 47521, 53676, and 53865, the claim of the plaintiff was sustained.